# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC. et al. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 15-950 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| THE LONGHORN CORRAL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

### I. **MEMORANDUM**

**BACKGROUND**

Plaintiffs filed a Complaint on July 22, 2012, alleging copyright infringement, and requesting injunctive relief, statutory damages, costs and attorneys' fees. (Doc. 1.) Plaintiffs' Complaint and summons were delivered to Defendants by hand at The Longhorn Corral Inc. on July 28, 2015. (Docs. 5-8.) Defendants' Answer was due no later than August 18, 2015.

Defendants have not answered Plaintiffs' Complaint, have not entered an appearance in this matter and have not requested any extensions of time. On August 20, 2015, pursuant to Plaintiffs' request, the Clerk of the Court entered a default against Defendants. (Doc. 9.) Plaintiffs filed a Motion for Default Judgment on September 15, 2015. (Doc. 10.) Plaintiffs allege eight (8) separate and discreet infringements of their copyrights. (Doc. 1.) Plaintiffs seek statutory damages in the amount of $2,000.00 for each of the eight violations, an injunction prohibiting further copyright infringement by Defendants, the award of legal fees and costs in the amount of $6,755.88 and an order requiring the payment of interest on any monetary awards. (Doc. 10.)

## DISCUSSION

*Default Judgment*

The Court of Appeals for the Third Circuit has enumerated three factors that govern a district court's determination as to whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir.2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984)). Although a court should accept as true the well-pleaded factual allegations of the complaint when considering a motion for default judgment, a court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Consequently, before granting a default judgment, this Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv, Inc. v. Asher, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing DirecTV, Inc. v. DeCroce, 332 F.Supp.2d 715, 717 (D.N.J.2004)).

To establish its claim of copyright infringement, a plaintiff must establish by a preponderance of the evidence: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir.2002). The Court accepts as true Plaintiffs' allegations that it owns the legal copyright to each of the eight songs in question. (Doc. No. 1 ¶¶ 26- 30.) Each of the eight alleged instances of copyright infringement is supported by a Certified

Infringement Report, which was prepared by Susan Hamburger, a BMI employee, and signed under penalty of perjury. (Doc. 10-2.)

The Copyright Act of 1976 provides that a copyright infringer is liable either for a copyright holder's actual damages, and any additional profits of the infringer, or statutory damages. 17 U.S.C. § 504(a). A copyright owner who elects to recover an award of statutory damages, instead of actual damages and profits, may recover between $750 and $30,000 for each infringement "as the court considers just." Id. § 504(c)(1). "[T]he court in its discretion may increase the award of statutory damages" up to $150,000 where it finds that the infringement was committed willfully. 17 U.S.C. § 504(c)(2).

The record here is sufficient to make such a determination without conducting a hearing. Relying upon the guidelines articulated in Original Appalachian, the Court finds that Plaintiffs' requested statutory damages in the amount of $2,000.00 per infringement is both just and appropriate. First, Plaintiffs will be prejudiced both by their claimed lost revenues, and by their current inability to proceed with their action due to Defendants' failure to defend. Broadcast Music, Inc. v. Kujo Long, LLC, No. 1:14-CV-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (citing Frank Music Corp. v. Emerson's Pub, Inc., No. 08–0532, 2009 WL 744964, at *1 (M.D.Pa. Mar.18, 2009) (finding prejudice to plaintiff in copyright infringement case because "[i]f default is denied, plaintiffs face the prejudice of being unable to proceed with this action and the potential continued infringement of their copyrighted works"). Second, Defendants have not answered the complaint and, accordingly, have not asserted any meritorious defense to its allegations or to the subsequent motion for default judgment. Id. Lastly, Defendants were all properly served, yet did not respond to the complaint or appear to oppose the subsequent motion for default judgment. Accordingly, Defendants are personally culpable for their failure to appear

and the record does not display any mitigating circumstances excusing such failure. In light of these factors, the Court finds that default judgment is appropriate under the circumstances. Id.

*Injunction*

Plaintiffs request that the Defendants "be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502." (Doc. No. 10 at ¶a.) Section 502 of the Copyright Act provides that a court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "When past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer." Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F.Supp.2d 537, 543 (quoting A & N Music Corp. v. Venezia, 733 F.Supp. 955, 958 (E.D.Pa.1990)). In determining whether to grant a permanent injunction, courts consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest. Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir.2001).

Other courts in this circuit addressing similar claims and facts have consistently seen fit to enter a permanent injunction against copyright infringers upon entry of default judgment, and the Court finds their analysis persuasive. See, e.g., Kujo Lane, 2014 WL 4059711, at *3; Shane's Flight Deck, 2010 WL 4916208, at *1; Frank Music Corp., 2009 WL 744964, at *1, Spring Mount, 555 F.Supp.2d at 543. Applying the factors listed above, the Court agrees that an injunction is appropriate. First, although the failure to appear has made it impossible for this Court to reach the merits, the Court accepts the allegations in the complaint as true and finds

Plaintiffs have set forth a claim for copyright infringement.  Second, there is sufficient evidence indicating there is a substantial likelihood of future infringements, as Defendants have ignored the repeated warnings by Plaintiffs that their copyrights are being infringed, and Defendants have continually refused to enter into a licensing agreement with Plaintiffs.  (See Doc. No. 10–1, Declaration of Brian Mullaney.)  Accordingly, the issuance of an injunction will prevent irreparable harm by preventing Defendants from continuing to violate Plaintiffs' copyrights.  See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3d Cir.1983) (noting "the prevailing view that a showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raises a presumption of irreparable harm").  Third, it will not unfairly prejudice Defendants, who have repeatedly violated Plaintiffs' copyrights despite warnings to the contrary, and who have refused to take any action to defend this action.  Lastly, as the courts addressing similar matters have noted, "an injunction which enforces federal copyright laws, and protects the rights and responsibilities defined by them, is by definition in the public interest." Spring Mount, 555 F.Supp.2d at 544–45.  Accordingly, the Court finds that a permanent injunction is appropriate in this matter.

*Statutory Damages*

"Statutory damages serve the dual purposes of compensation and deterrence:  they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions." Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, Civ. No. 03-4962, 2005 WL 67077, at *4 (E.D.Pa. Jan. 11, 2005).  In determining the amount of statutory damages, it is important that an infringer "not reap a benefit from its violation of the copyright laws [and] that statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to

violate them." A & N Music, 733 F.Supp. at 958. In considering the appropriate amount of statutory damages, courts should consider "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." Original Appalachian, 658 F.Supp. at 465. In determining the just amount of statutory damages, "[t]he defendant's conduct is the most important factor." Schiffer, 2005 WL 67077, at *5 (citing Original Appalachian, 658 F.Supp. at 465).

The entry of statutory damages here is complicated by the fact that liability has been established through default judgment, rather than on the merits. In default judgment cases, courts can order the minimum statutory damages without conducting a hearing. Fonovisa v. Merino, Civ. No. 06-3538, 2006 WL 3437563, at *2 (D.N.J. Nov. 27, 2006) ("In default judgments in copyright infringement cases, federal courts routinely award minimum statutory damages."); BMG Music v. Champagne, Civ. No. 06-1251, 2006 WL 3833473, at *3 (D.N.J. Dec. 29, 2006) ("As Plaintiffs request only $750.00 for each of the five infringements, the lowest amount available under § 504(c)(1), the Court need not make ... a determination [as to willfulness] in order to find this amount just, and therefore need not conduct an evidentiary hearing."); see also Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir.2002); Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 2-3 (1st Cir.1983). In this case, however, Plaintiffs have requested statutory damages in excess of the statutory minimum. The Court must therefore consider whether the facts contained in the Complaint, as well as any evidence adduced by Plaintiffs in their filings, provide us with a sufficient basis to determine whether the requested statutory damages are just.

The Court is satisfied that the record is sufficient to make such a determination. Relying on the four guidelines articulated in <u>Original Appalachian</u>, the Court find that Plaintiffs' requested statutory damages in the amount of $2,000.00 per infringement is both just and appropriate. With regard to the first two factors, the record contains the sworn affidavit of Brian Mullaney, stating that, had Defendants entered into a standard licensing agreement at the time Plaintiffs first approached them in June 2009, the estimated licensing fees would have been approximately $3,255.25. (Doc. 10-1 ¶ 16.) While this amount is an approximation, it is a sufficient indicator that Defendants recognized significant savings as a consequence of their infringement, and, conversely, that Plaintiffs suffered a revenue loss. As to the third factor, there is a strong presumption that enforcement of the copyright laws is always in the public interest. Finally, as to the fourth factor, the Court has already established that Defendants' infringement was willful, undertaken with knowledge of Plaintiffs' copyright, and with an offer to enter into a standard licensing agreement on the table. In light of such behavior, the deterrent purpose of statutory damages is best served by an order for damages above the statutory minimum.

While Plaintiffs' requested damages are indeed above the minimum, they are by no means excessive, and are on the low end of the statutory range. Moreover, the amount requested must be considered in the context of the length and nature of Defendants' conduct. The "deterrent damages," meaning the difference between the total requested damages of $16,000.00 and the Plaintiffs' estimated lost licensing fees of $3,255.25, is $12,744.75. The time period between Plaintiffs' discovery of Defendants' infringement and the filing of this suit was seventy-three months. Given these numbers, the "deterrent damages" amount to approximately $174.50 per month. This sum is appropriate given that, during each of those months, Defendants were on repeated notice of their infringement, were continually offered a simple and straightforward

opportunity to terminate that infringement, and opted instead to flatly ignore Plaintiffs' attempts to resolve this dispute.

*Costs and Fees*

Pursuant to 17 U.S.C. § 505, a district court may, in its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit. 17 U.S.C. § 505; see also Lieb v. Topstone Indus., Inc., 788 F.2d 151, 155-156 (3d Cir.1986) ("[T]he allowance of fees to the prevailing party . . . is entrusted to the evaluation of the district court."). In Lieb, the Court of Appeals for the Third Circuit identified the factors that should guide a district court in determining the appropriateness of awarding costs and fees under § 505, noting, *inter alia,* that a finding of bad faith is not required for an award. See Lieb, 788 F.2d at 155-57; see also Don Post Studios, Inc. v. Cinema Secrets, Inc., 148 F.Supp.2d 572, 573-74 (E.D.Pa.2001). The other factors identified by the court in Lieb include: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Lieb, 788 F.2d at 156; see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n. 19, (1994) (endorsing Lieb factors).

The Court finds an award of costs and fees is appropriate in this matter. Defendants' conduct was objectively unreasonable and raises a legitimate deterrence consideration. As already discussed, had Defendants simply responded to any one of Plaintiffs' numerous entreaties to enter into a standard licensing agreement, it is highly unlikely this matter ever would have reached this Court. When litigation was initiated, Defendants once again continued to ignore this dispute, doing so in a manner that has now imposed additional expense upon Plaintiffs in the form of costs and legal fees.

Plaintiffs' counsel, Jonathan McAnney, has filed an affidavit in support of Plaintiffs' request for costs and fees, which includes a breakdown of costs and fees for services rendered to Plaintiffs in connection with this matter. (Doc. 11-2, McAnney Declaration.) McAnney is a well-credentialed attorney, with several decades of experience. (Id.) The Court finds his hourly rate of $330.00 reasonable and appropriate for an attorney of his experience in the Pittsburgh legal market. The Court further finds the total number of hours Mr. McAnney has devoted to this matter to be reasonable, given the nature and circumstances of this suit. (18.9 hours)

Therefore, Defendants will be ordered to pay attorneys' fees in the amount of $6,250.00 and costs in the amount of $505.88.

Finally, Plaintiffs request an allowance of interest on the awards discussed above. The Court believes that the allowance of interest on the statutory damages, costs and fees discussed herein are likely to act as a further incentive to Defendants to promptly and finally resolve this matter. Therefore, interest shall be allowed on the monetary awards discussed above, consistent with 28 U.S.C. § 1961.

## II. ORDER

Plaintiffs' Motion for Default Judgment (Doc. 10.) is **GRANTED**. It is further ordered that Defendants are hereby permanently enjoined from any further infringement of Plaintiffs' copyrights in any manner. Further, Defendants are ordered to pay statutory damages in the amount of $16,000.00. Additionally, Defendants are ordered to pay attorneys' fees in the amount of $6,250.00 and costs in the amount of $505.88. Finally, it is ordered that interest on the statutory damages, attorneys' fees, and costs shall be allowed consistent with 28 U.S.C. § 1961.

IT IS SO ORDERED.

January 14, 2016                                     s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All counsel of record